## NEWMAN v. WILSON et al.

A sheriff of another State may sue to recover sequestered property fraudulently taken out of his possession, and he will be entitled to recover the amount of the expenses he has been compelled to incur in order to recover it.

APPEAL from the District Court of the First District, *Buchanan,* J. *Huston* and *Finney,* for the plaintiff.  *Durant,* for the appellant.

The judgment of the court was delivered by

SLIDELL, J.  The plaintiff alleges that, as sheriff of Adams county, in the State of Mississippi, he had levied a writ of attachment in the suit of one *Cartwright* against the present defendant, *McNamar,* upon certain timber, which he took into his possession, and appointed *Wilson,* also a defendant in this suit, as keeper, to take charge of and retain possession of the property under the writ. That *Wilson* and *McNamar* together, fraudulently carried off the timber, and brought it to New Orleans. He claims damages, asks for a sequestration of the timber, and also a decree restoring the property to him.

The defendant *McNamar,* pleaded that the petition exhibited no cause of action, which plea, we think, was properly overruled, for the sheriff had certainly a right to bring suit to obtain possession of property thus fraudulently taken from his official custody, and to recover damages for the expense he had been put to in pursuing the property.  See Sewell on Sheriffs, p. 429.  The pretence that the sheriff's own deputy assisted in carrying off the property, and that, therefore, the action cannot be maintained, is absurd ; for it is alleged that the conversion was the fraudulent act of the deputy and *McNamar.*  The plaintiff appointed him to take care of the property, and the running away with it was a violation of duty in which *McNamar* is alleged to be a fraudulent participant, and must be considered also as the instigator, being the owner and defendant in attachment.

The defendant bonded the property, and, pending the cause, paid *Cartwright*, the attaching creditor, the amount of his claim, so that when the cause came to trial, the only subject of litigation was the claim of damages. The evidence shows that the plaintiff had been put to the expense of sending a special agent from Mississippi in pursuit of the property, who, on finding it here, instituted this suit. The expense of retaining counsel to conduct the proceedings was also shown. The court gave judgment in favor of the plaintiff for $171 and costs of suit against *McNamar*, who has appealed. The damages thus awarded we consider reasonable.

The only other matter requiring notice is, a bill of exceptions taken by the defendant *McNamar*, to an order of court, compelling him to answer certain interrogatories going to establish the official capacity of the plaintiff, and the institution of proceedings in the attachment suit in Mississippi. We deem it unnecessary to pass upon the bill of exceptions, otherwise than by saying that these facts were sufficiently established by other testimony to which no exception was taken. *Judgment affirmed.*