PHILLIPS, by guardian *ad litem,* Respondent, vs. EGGERT and others, Appellants.

*January 12—January 31, 1911.*

*Sheriffs: Loss of attached property: Failure to regain possession: Negligence: Liability: Burden of proof: Removal of property to another state.*

1. A sheriff who has property in his custody, pursuant to a levy thereon, is liable for its loss whenever caused by his failure to exercise reasonable care and diligence to preserve such custody or, in case of a loss of possession through any cause, to repossess himself thereof as provided by subd. 3, sec. 2749, Stats. (1898).

2. Whenever a sheriff sets up a justification for the release or loss of property taken on attachment, the burden is on him of showing that he has been relieved from the obligation of having the property forthcoming to answer the judgment.

3. Consent of plaintiff's attorney that the sheriff need not employ a custodian to take charge of a steamboat which he has attached, while lying at a wharf in the harbor, does not relieve him from the duty to do everything that reasonable care and diligence demand to repossess himself of the boat after it has cleared and passed out of his possession to other parts.

4. A sheriff who, after learning of the disappearance of a steamboat which he had attached, made no effort to ascertain its whereabouts or to recover it, although promptly notified by plaintiff's attorney that he would be held responsible for any judgment that might be recovered in the action, was guilty of negligence in that regard for which he and his bondsmen were answerable; and the fact that such steamboat cleared for a port in another state would not relieve them.

5. A sheriff has a special interest in property attached by him, which authorizes him to retake it or recover it in legal proceedings, even in a foreign jurisdiction, for the purpose of satisfying the demand of the attaching creditor.

APPEAL from a judgment of the circuit court for Manitowoc county: MARTIN L. LUECK, Judge. *Affirmed.*

September 28, 1906, the plaintiff brought suit against the Portage Transit Company, a foreign corporation, to recover

damages for personal injuries. A writ of attachment was issued out of the Brown county circuit court on the same day, and an *alias* writ, with the affidavit and undertaking required by law, was delivered to the sheriff of Manitowoc county for service. The bond of indemnity demanded by the sheriff was furnished and the writ was then served and an attachment made. The property attached was the steamship "Portage," then lying at the wharf in the harbor of the city of Manitowoc. No watchman or custodian was placed on the boat by the sheriff and no bond for the release of the boat was furnished by the defendant. The sheriff testified that when he spoke to plaintiff's counsel about putting a custodian in charge of the boat he was told that it would not be necessary. Clearance papers were obtained from the customhouse officer, and a few days after the service of the writ the boat left the harbor during the nighttime without the knowledge of the sheriff. On the morning of the day after the disappearance the sheriff learned of the boat's departure. It appears that the boat cleared for Duluth, Minnesota. Soon after learning that the boat had left the harbor the sheriff informed the attorney of the plaintiff at Green Bay of its disappearance. The attorney informed the sheriff that the plaintiff had no course to take but to hold the sheriff and his bondsmen for the plaintiff's damages in the event that the plaintiff recovered judgment against the defendant transit company. The attorney for the plaintiff also wrote the sheriff to the same effect. The sheriff on the day following the disappearance learned by inquiry from the customhouse officer that the boat had cleared for Duluth, Minnesota. He took no steps to regain possession of the boat.

On November 27, 1906, the plaintiff recovered judgment against the Portage Transit Company for $2,537.72 and costs. Execution issued on this judgment, which the sheriff of Manitowoc county returned showing that he was unable to find any property belonging to the defendant.

The plaintiff brought this action against the sheriff and his bondsmen to recover the amount of the judgment he held against the Portage Transit Company, on the ground that the boat which was attached in the action against the Portage Transit Company had been allowed to escape through the negligence of the sheriff, and on the ground that the sheriff had been negligent in not attempting to retake the boat after it had escaped.

The court instructed the jury in submitting the case as follows:

"The burden of proof is likewise upon the defendants to satisfy and convince you by a preponderance of the evidence that the defendant *Eggert* exercised due care and diligence to again possess himself of the boat."

The jury found that the sheriff was not guilty of negligence in losing possession of the boat, but that he was guilty of negligence in not repossessing himself of it.

This is an appeal from the judgment in plaintiff's favor entered upon the verdict.

For the appellants there was a brief by *Burke & Craite* and *Hougen & Brady,* and oral argument by *A. L. Hougen.*

For the respondent there was a brief by *M. E. Davis,* attorney, and *John E. Tracy,* of counsel, and oral argument by *Mr. Davis.*

SIEBECKER, J.   There is no issue in the case as regards. the issuance of an attachment and the levy made on the boat in pursuance thereto by the defendant *Eggert* as sheriff. The controversy arises respecting the sheriff's conduct as to the disappearance of the boat after having taken possession of it under his writ of attachment and in not repossessing himself thereof after such loss of possession.   The rule is. well established that a sheriff who has property in his custody, pursuant to a levy thereon, is liable for its loss whenever it is caused by his failure to exercise reasonable care and

diligence to preserve such custody (35 Cyc. 1668), and, in case of a loss of possession through any cause, it is his duty to exercise reasonable care and diligence to repossess himself thereof. Subd. 3, sec. 2749, Stats. (1898), provides:

"If any of the attached property belonging to the defendant shall have passed out of the hands of the sheriff without having been sold or converted into money such sheriff shall repossess himself of the same, and for that purpose shall have all the authority which he had to seize the same under the writ of attachment."

It is obvious from this provision that the duty devolves upon a sheriff having property in his official custody to repossess himself thereof whenever it shall have passed out of his hands, subject, of course, to the condition that he may release the property in the manner provided by law or with the consent of the attaching creditor. In the light of the foregoing statute the proposition is also reasonably clear that, when a· sheriff avers a justification for the release or loss of property taken into his possession under an attachment, he assumes the burden of showing that he is relieved from the obligation of having the property forthcoming pursuant to the attachment. The court instructed the jury that under the facts and circumstances of the case the burden rested on the defendants to show that the sheriff exercised reasonable care and diligence to repossess himself of the boat. This instruction is assailed on the ground that it was error to so direct the jury, because the evidence shows, as the jury found, that the sheriff was not negligent in losing possession and custody of the boat held by him under the levy. The claim is that the sheriff acted under the direction of the plaintiff's attorney in not placing a custodian in charge of the boat, and hence that he was not responsible for its disappearance from the harbor under the circumstances shown. It must be assumed, under the verdict found, that the plaintiff's attorneys consented that the sheriff need not employ a custodian to take charge of the boat and that this exonerates him from the imputation of neg-

ligence in losing possession of the property.  This phase of the case, however, does not embrace his whole duty in the matter, and there remains to be considered the question whether the sheriff fulfilled his legal duty to repossess himself of it under the statute declaring that, whenever property so held shall pass from the sheriff's hands, "he shall repossess himself of the same, and for that purpose shall have all the authority which he had to seize the same under the writ of attachment."  It is manifest that the consent of the plaintiff's attorney that the sheriff need not employ a custodian to take charge of the boat while lying at the wharf in the harbor was not also a direction or understanding that the sheriff was not to take all the steps reasonably necessary to repossess himself of it after it cleared and passed out of his possession for other parts.  The duty rested on the sheriff, on the morning after he learned of the boat's disappearance, to do everything that reasonable care and diligence demanded to repossess himself of the property.

Appellants aver that the sheriff did all that reasonable care and diligence required of him under the circumstances in the matter, and that the jury's finding that he was guilty of negligence in this regard is not supported by the evidence.  We do not find this claim supported by the record.  An examination of the evidence discloses that the sheriff did nothing to ascertain the whereabouts of the boat after learning of its disappearance from its place in the harbor.  It appears that the boat cleared for Duluth, Minnesota.  The sheriff admits that he made no attempt to find it there or to search for it at any other place.  Does this conduct show that he performed his duty to have the property forthcoming in the attachment, and is it justifiable as an exercise of reasonable diligence to accomplish that end?  We cannot perceive how the jury could have drawn the inference from the facts and circumstances that the sheriff acted with reasonable diligence to repossess himself of the boat, since he admittedly did prac-

tically nothing in this respect. Nor is the claim that the plaintiff's attorney acquiesced in his nonaction in this matter sustained by the record, for it affirmatively appears that the attorney at once informed him that the plaintiff would hold him responsible for the satisfaction of any damages he might recover in the action.

It is suggested that, since it appears that the boat passed beyond the confines of this state, the sheriff is relieved of the duty of pursuing and retaking it. We find no support for this claim. Under the circumstances shown, it has been held that a sheriff is obligated to use reasonable diligence to ascertain the whereabouts of the property and to follow it, and that his special interest therein, acquired by the levy, authorizes him to retake it or recover it in legal proceedings for the purpose of satisfying the demand of the attaching creditor. In some of the following cases such rights were upheld though the property had been taken into foreign jurisdictions, and the sheriff was held responsible as in other cases: *Rhoads v. Woods,* 41 Barb. 471; *Lovejoy v. Hutchins,* 23 Me. 272; *Newman v. Wilson,* 1 La. Ann. 48; *Ansonia B. & C. Co. v. Babbitt,* 74 N. Y. 395; *Lovell v. Sabin,* 15 N. H. 29; Drake, Attachment, § 291. We consider that the jury are supported in this finding; that the sheriff did not exercise reasonable diligence to repossess himself of the boat.

We find no error in the record. The court properly awarded judgment on the verdict.

*By the Court.*—Judgment affirmed.