## CUNNINGHAM v. CARPENTER.
### (No. 10850.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 17, 1923.)

1. **Joint-stock companies and business trusts ⟳19—Judgment held to evidence intent to hold shareholders of joint-stock association individually liable.**

A judgment, in an action involving notes secured by vendor's lien on property sold to an unincorporated joint-stock association and later purchased by one of the trustees of the association individually, which recited findings that two individual defendants were shareholders and trustees of the stock association and that plaintiff was entitled to judgment against the association and its trustees individually, and which allowed one of such trustees a recovery over against the other who was the then owner of the premises involved, *held* to evidence intent to decree a judgment against both of such shareholders individually, though not so actually entered.

2. **Judgment ⟳447(1)—To enjoin collection good defense to demand must be shown.**

To enjoin collection of a judgment, it is incumbent upon plaintiff to show that he has a good and valid defense to the demand upon which it is based, which defense could be properly urged in another trial of the case.

3. **Execution ⟳172(3)—Owner of judgment necessary party to suit against sheriff to enjoin sale under execution.**

In an action to enjoin a sheriff from selling a tract of land under an execution issued upon a particular judgment, the owner of the judgment, in the absence of some exception to the general rule, is a necessary party.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by F. C. Carpenter against George Cunningham. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Watkins & Walsh, of Wichita Falls, for appellant.

Davenport, Cummings & Thornton, of Wichita Falls, for appellee.

DUNKLIN, J. George Cunningham has appealed from an order of the district court of Wichita county restraining him as sheriff from selling a tract of land under an execution issued on a certain judgment rendered by that court.

A copy of the judgment so rendered was attached to plaintiff's petition for injunctive relief. The pleadings in that suit do not appear in the record here except by inference from recitals in the judgment. The style of the case in which that judgment was rendered was "J. Caruthers v. C. M. Steele et al." It appears from the judgment that the New Melle Bank of New Melle, Mo., F. C. Carpenter, J. W. Reasor, and the Watkins Farm Oil Company, an unincorporated joint-stock association, were all made parties defendant.

The judgment was in favor of plaintiff, J. Caruthers, for the amount due on a promissory note for the principal sum of $553.89, with interest and attorneys' fees against defendant Watkins Farm Oil Company and against defendants F. C. Carpenter and J. W. Reasor, as trustees of that company, as well as against them individually. And in the present suit it was alleged that that judgment had been paid in full by Carpenter.

The judgment contains these further recitals:

"And the court having heard the pleadings and the evidence adduced in support thereof, and the argument of counsel thereon, finds that the cause of action of the New Melle Bank of New Melle, Mo., is liquidated and proven by instruments in writing, to wit, two promissory vendor lien notes in the principal sum of $1,500 and $2,000, respectively, dated the 26th day of April, 1920, due and payable one and two years after date, executed by C. M. Steele and H. G. England, payable to the order of the plaintiff, J. Caruthers, and as extended in writing by contract, dated the 26th day of April, 1921, between the defendants J. W. Reasor and wife and the defendant New Melle Bank of New Melle, Mo., and that there is now due on said note to said defendant New Melle Bank of New Melle, Mo., the legal and equitable owner and holder thereof, the principal sum of $3,223.33, together with interest thereon from this date, at the rate of 8 per cent. per annum, the sum of $322.22 as attorneys' fees, and that said indebtedness is secured by a vendor's lien on and against the property hereinafter described, superior to all other liens and claims thereon arising or accruing on or since the 26th day of April, 1920, and that said lien should be foreclosed.

"And it further appearing to the court that the defendant Watkins Farm Oil Company is an unincorporated joint-stock association, and that the defendants F. C. Carpenter and J. W. Reasor are shareholders therein, and that said defendants Watkins Farm Oil Company by its trustees aforesaid purchased the property, hereinafter described, from the said H. G. England and C. M. Steele and assumed the payment of the above-described notes, and further that the

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant J. W. Reasor purchased the above-described property from the said defendant Watkins Farm Oil Company and in turn assumed the payment of said indebtedness and that the plaintiff and the defendant New Melle Bank of New Melle, Mo., are each entitled to judgment against the said defendant Watkins Farm Oil Company, an unincorporated joint-stock association, and the said F. C. Carpenter and J. W. Reasor, as trustees thereof, and against the defendant J. W. Reasor individually, and that the plaintiff is entitled to judgment against the defendant Watkins Farm Oil Company and the said J. W. Reasor and F. C. Carpenter, as its trustees as well as individually, for his debt.

"It is therefore ordered, adjudged, and decreed by the court that the defendant New Melle Bank of New Melle, Mo., a banking corporation or association organized and existing under and by virtue of the law of the state of Missouri, do have and recover of and from the plaintiff, J. Caruthers, and the defendants Watkins Farm Oil Company, an unincorporated joint-stock association, and F. C. Carpenter and J. W. Reasor as its trustees, and the said J. W. Reasor, individually, the principal sum of $3,223.33, together with interest thereon from this date, at the rate of 8 per cent. per annum, and the sum of $322.33 as attorneys' fees, together with all costs in this behalf expended.

"It is further ordered, adjudged, and decreed by the court that the defendant F. C. Carpenter, as trustee of said defendant Watkins Farm Oil Company, and as well individually, do have and recover judgment over and against defendant J. W. Reasor for any and all sums or amounts they may be compelled to expend hereunder by reason of his liability to the plaintiff J. Caruthers and the defendant New Melle Bank of New Melle, Mo., or either of them, on account of his liability to the plaintiff and said defendant under this judgment."

Then following a decree of foreclosure of the vendor's lien to secure payment of the notes, and an order for the sale of the property as under execution to satisfy the personal judgments rendered, the judgment proceeds:

"In the event the amount derived from the said sale of said property is insufficient to satisfy this judgment, then let execution issue in favor of the defendant New Melle Bank of New Melle, Mo., and as well the plaintiff J. Caruthers, against the defendants Watkins Farm Oil Company and F. C. Carpenter and J. W. Reasor, as trustees thereof, for the amount remaining unpaid hereunder, commanding the exhaustion of any and all property of the Watkins Farm Oil Company before resort be taken, if necessary, to the individual property of said defendant F. C. Carpenter."

[1] Construing the judgment as a whole, as should be done, it appears that the trial court intended to decree a judgment in favor of the defendant bank against F. C. Carpenter, individually, as well as against J. W. Reasor, individually. That is evidenced by the findings that Carpenter was a stockholder in the Watkins Farm Oil Company, which is an unincorporated joint-stock company. It must be assumed that such a finding would not have been made without a purpose, and no purpose, other than to make those stockholders individually liable for both debts, can be imagined, especially in view of the provisions of article 6153, Rev. Statutes, to the effect that in a suit against such a company citation may issue against the stockholders and that a judgment against such a company shall be equally binding upon the individual property of the stockholders or members who have been served with citation in the suit. The intention of the court to render judgment is further evidenced by that portion which allows him a recovery over against Reasor for any sums he may be compelled to pay on account of his liability to the bank, and that the property of the Watkins Farm Oil Company be exhausted before resort had to Carpenter's individual property, in order to discharge his individual liability to the defendant bank.

[2] Furthermore, it is a familiar rule that in order to enjoin the collection of a judgment, it is incumbent upon the plaintiff to show, among other things, that he had a good and valid defense to the demand upon which it was based, and which defense probably could be successfully urged upon another trial of the case. Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Foust v. Warren (Tex. Civ. App.) 72 S. W. 404; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363; and other decisions there cited.

In the present suit there was no attempt to show any defense to the claim of the bank asserted against F. C. Carpenter individually.

Accordingly, the judgment of the trial court granting the temporary writ of injunction mentioned above is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

[3] It clearly appears that the New Melle Bank of New Melle, Mo., the owner of the judgment sought to be enjoined, in the absence of some exception to the general rule, is a necessary party to this suit, at all events for the purpose of a final judgment on the merits, since its interest alone, and not that of the sheriff, appellant Cunningham, is to be affected. And for that reason we entertain grave doubt as to the right of the plaintiff Carpenter to be heard on his petition for the writ of injunction without making the bank a party defendant. But we have finally concluded to dispose of the appeal as above indicated, in view of the fact that it involves an interlocutory proceeding only, and the question of lack of a necessary party has not been raised in this court or in the trial court.