**BALDWIN MOTOR CO. v. DE FORD et al.**
(No. 348.)

(Court of Civil Appeals of Texas. Waco.
April 1, 1926.)

**1. Trover and conversion ⬡1.**

"Conversion" is any distinct act or dominion wrongfully exerted over one's property in denial of his right, or inconsistent therewith.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**2. Attachment ⬡53—Execution ⬡37.**

Automobile in possession of owner is subject to attachment and sale under execution, notwithstanding chattel mortgage, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3744.

**3. Chattel mortgages ⬡170(2)—Attachment of automobile cannot prevent chattel mortgagee from protecting his rights by proper process and action.**

Attachment of automobile in hands of owner cannot prevent chattel mortgagee from suing and seizing automobile by either attachment or sequestration, or from establishing lien as prior lien to attachment and having car sold and proceeds paid into registry of court.

**4. Chattel mortgages ⬡170(2).**

Creditor, attaching automobile which was stored by sheriff in garage of his own volition, is not liable to chattel mortgagee in conversion for parts removed from car while so stored.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Suit by the Baldwin Motor Company against Russell De Ford and others. Judgment for defendants, and plaintiff appeals. Affirmed.

G. O. Crisp, of Kaufman, and Butler, Price & Maynor, of Tyler, for appellant.

W. A. Wade, of Dallas, and Bumpass & Wade, of Terrell, for appellees.

Statement.

STANFORD, J. This suit was filed by appellant against appellees Russell De Ford and J. S. Terry, trustee of the bankrupt estate of R. A. Johnson. The record discloses that on March 17, 1923, R. A. Johnson executed and delivered to appellant a note for $500, secured by a mortgage on an automobile situated in Smith county, said mortgage being duly filed and registered in Smith county, also in Kaufman, into which it was later removed; that $250 had been paid on said note; that on September 1, 1923, appellee Russell De Ford brought suit in the district court of Kaufman county for debt against R. A. Johnson, and sued out in said cause a writ of attachment against R. A. Johnson; and that the officer levied said writ of attachment on said automobile, taking same out of the possession of R. A. Johnson, with knowledge of appellant's mortgage lien; and that same was by said officer stored in a garage in Terrell, Kaufman county, where it remained in the custody of said officer until about January 20, 1924, when the said R. A. Johnson was adjudged a bankrupt, and appellee J. S. Terry was appointed trustee of said bankrupt estate. Appellee Russell De Ford did nothing further toward enforcing his attachment lien, and the car remained in the garage where the officer had placed same until the time of the trial. The appellees tendered the car to appellant on the trial, disclaiming any

interest therein. The tender was refused, appellant contending that the car was then worthless, and that at the time of the levy it was of sufficient value to have made its debt of $250. Appellant contends that, if appellee Russell De Ford had not unlawfully taken possession of said car by virtue of said writ of attachment, appellant would have been able to have seized same, and would have done so and realized out of same a sufficient amount to have made its debt; that said car was worth $350 to $375 at the time it was attached, and was worthless at the time of trial. The evidence shows that some parts of the car were taken off, but does not show when nor by whom, and that the value of the car was thereby decreased to some extent, but that the storage and nonuse were the principal causes of the loss in value. Appellant contends in the manner above stated appellee De Ford converted said car. The trial court instructed a verdict for appellees.

## Opinion.

[1] Appellant contends the trial court erred in instructing a verdict for appellees, and claims there were issues that should have been submitted to the jury, but fails to suggest any issue of fact that should have been so submitted. Cooley, in his work on Torts (2d Ed.) p. 524, defines "conversion" in the following language:

"Any distinct act or dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion."

Our courts have approved this definition. First Nat. Bank v. Brown, 23 S. W. 862, 85 Tex. 80; Vickery v. Crawford, 55 S. W. 560, 93 Tex. 373, 49 L. R. A. 773, 77 Am. St. Rep. 891; Hofschulte v. Hardware Co. (Tex. Civ. App.) 50 S. W. 608; Gulf, C. & S. F. R. Co. v. Pratt (Tex. Civ. App.) 183 S. W. 103; Pittman-Harrison Co. v. Fox (Tex. Civ. App.) 228 S. W. 579.

[2] The title and right of possession of the automobile in question were both in R. A. Johnson. Appellant had a lien on said car to secure its debt, but had neither title nor right of possession. Johnson had the right to sell said car subject to appellant's mortgage, and Russell De Ford had the right to attach said car, to foreclose his attachment and sell same, or to sell same under execution, and in such event, appellant's chattel mortgage being duly filed, appellant could suffer no injury and could have no ground of complaint. Article 3744, Vernon's Sayles' Civil Statutes; Wilkerson v. Stasny & Holub (Tex. Civ. App.) 183 S. W. 1191; Briggs v. Briggs (Tex. Civ. App.) 227 S. W. 511. There is no contention

that the attachment was wrongfully sued out, or that it was wrongfully levied, except in that, as contended by appellant, it was levied upon mortgaged property, but, as above stated, this was permissible, and its being so levied afforded no grounds for complaint.

[3] Appellant also contends that it was about to sue and seize said car when appellee De Ford attached same and that it was prevented from so doing by said attachment, but there is no merit in this contention. Said attachment could not have prevented appellant from suing and seizing said car by either attachment or sequestration, and appellant had the right by proper process, not only to seize said car, but also by proper action to have its lien established as a prior lien to appellee's attachment lien, and, if appellant feared the storage of said car would cause it to deteriorate in value, it had the right to have said car sold and the proceeds paid into the registry of the court, etc.

[4] The only thing in the case, as we see it, that tends to prove conversion for any amount on the part of anybody, is the evidence that certain parts were taken off the car while it was stored in the garage, which reduced the value of the car some $50, but, as the record discloses that the constable levying the writ of attachment placed said car in said garage of his own volition and not at the instance or request of De Ford, if parts of said car were removed while said car was in the possession of the constable, or his agent, in said garage, then said constable and his bondsmen would probably be liable for the resulting damage to said car, but De Ford, the writ not being wrongfully sued out, would not be liable for such damage to anybody, and said constable and his bondsmen are not parties to this suit. McFaddin v. Sims, 97 S. W. 335, 43 Tex. Civ. App. 598; Kanaman v. Hubbard (Tex. Civ. App.) 160 S. W. 307; Kanaman v. Hubbard, 222 S. W. 151, 110 Tex. 560; Phillips v. Eggert, 129 N. W. 654, 145 Wis. 43, 32 L. R. A. (N. S.) 132, Ann. Cas. 1912A, and note 1112. As we view the case, appellant failed to show any liability on the part of appellees, either by pleading or evidence.

We have not passed on the other question raised by appellees, challenging the validity of the sale of said secondhand car to R. A. Johnson on the ground no license fee receipt was transferred to him. We did not deem it necessary to pass on said question, but have, for the purposes of this opinion, treated said sale as valid.

The trial court, we think, was correct in instructing a verdict for appellees, and the judgment of the trial court is affirmed.