**KEYSTONE PIPE & SUPPLY CO. OF TEX-AS et al. v. MILNER.** (No. 2911.)

Court of Civil Appeals of Texas. Amarillo. Sept. 7, 1927.

1. Evidence ⚖➔82—Court might presume, that clerk below docketed case on return of claimant's bond and oath, as he was required by law (Rev. St. 1925, art. 7410).

Court of Civil Appeals might presume, in absence of evidence, that clerk of district court docketed case on return of oath and bond of one claiming property seized under execution, as clerk was required to do by Rev. St. 1925, art. 7410.

2. Execution ⚖➔35—Execution may be levied on casing pledged by debtor, but levy and sale are subject to pledgee's lien (Rev. St. 1925, art. 3797).

Sheriff has right to levy execution on well casing which has been pledged by the debtor, but the levy and sale are subject to the pledgee's lien by the express terms of Rev. St. 1925, art. 3797.

3. Execution ⚖➔35—Execution levy on casing pledged by debtor does not render either sheriff or judgment creditor a trespasser; levy and sale being subject to pledgee's lien (Rev. St. 1925, art. 3797).

Sheriff may levy execution on well casing pledged by debtor without either he or judgment creditor becoming liable as a trespasser, since by express terms of Rev. St. 1925, art. 3797, levy and sale are subject to pledgee's lien.

4. Execution ⚖➔172(3)—In suit to restrain sale of casing on execution under judgment, judgment creditor held necessary party defendant.

In suit to restrain sheriff from selling well casing seized under execution based upon judgment, the judgment creditor *held* a necessary party defendant as the one having the real interest in the subject-matter, where there were no special circumstances to excuse plaintiff from making him defendant.

5. Execution ⚖➔145—Execution levy on well casing by sheriff placed property in custodia legis.

After sheriff levied execution on well casing, the property was in custodia legis.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Action by T. J. Milner against the Keystone Pipe & Supply Company of Texas and another. From an order overruling a motion to dissolve a temporary injunction, defendants appeal. Reversed, with instructions.

Storey, Leak & Storey, of Vernon, and Slay, Simon & Smith, of Fort Worth, for appellants.

O. T. Warlick and Berry, Stokes & Killough, all of Vernon, for appellee.

HALL, C. J. [1] On the 23d day of March, 1927, E. C. Coan recovered a judgment against C. W. Whitehead in cause No. 4270 upon the docket of the district court of Wilbarger county, Tex., in the sum of $1,216.80.

It appears from the record before us that the judgment was for labor performed by Coan while employed by Whitehead in drilling an oil well on certain lands owned by Milner in said county, and further foreclosing the laborer's and mechanic's lien upon an oil derrick, 1,500 feet of 10-inch casing, two oil storage tanks, and other property therein described. On the 13th day of April, 1927, order of sale was issued upon this judgment, commanding the sheriff to levy upon and sell the property therein described. The sheriff's return shows that the writ was levied upon the derrick, the 10-inch casing, and the other personal property, and on the 3d day of May all of the property except the casing was sold by the sheriff, and the plaintiff in the writ, Coan, became the purchaser thereof for the sum of $150.

The sheriff recites in his return that the casing was withdrawn from sale by agreement of counsel; that he had valued the casing at $3,000, and it had been claimed by the Keystone Pipe & Supply Company of Texas, which company had filed a claimant's oath and given bond in the sum of $6,000.

The record further shows that the claimant's oath and bond had been returned by the sheriff to the clerk of the district court of said county, where they were filed on the 7th day of June, 1927. The presumption is that the clerk upon return of the oath and bond docketed the case, as required by R. S. (1925) art. 7410, but the record does not give the docket number of the case.

On May 14, 1927, the appellee, Milner, presented his application for an injunction to the district judge, in which the Keystone Pipe & Supply Company and the sheriff, Edmondson, only were made parties. The application recites that Whitehead commenced to drill a well upon the premises described about the 18th day of April, 1926, and that Whitehead employed plaintiff at an agreed daily wage to assist in doing the work of drilling the well; that under an agreement with Whitehead, plaintiff purchased gasoline necessary in operating the pump for which Whitehead agreed to pay, and that when the well was completed, Whitehead was indebted to plaintiff for work, labor, and gasoline in the sum of $640; that in drilling the well, Whitehead first used 15½-inch casing to a certain depth, and afterwards procured and used a 12½-inch casing, and after drilling to a greater depth he used 10-inch casing, and in continuing the drilling operations was required to use smaller casing, viz., 8-inch and 6⅝ inch; that when it became necessary to use the 6⅝-inch casing, Whitehead informed plaintiff that he was still short

---

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of funds and was not able to purchase or lease any more 6⅝-inch casing, and requested plaintiff to assist him in procuring the same; that Whitehead informed plaintiff that the 10-inch and 8-inch casing then in the well belonged to Whitehead, and it was agreed and understood that if plaintiff would assist Whitehead in procuring the 6⅝-inch casing and pay the rental and damages thereon, plaintiff should have a pledgee's lien upon the 8 and 10 inch casing then in the well, belonging to Whitehead, and should retain the same in his possession on his said premises until he was repaid the full amount of money due him, including the sum due for labor and gasoline; that the sum of $656.25 rent is due for the casing so leased.

It is further alleged that plaintiff informed Keystone Company's employees and agents that Whitehead claimed to own the 8 and 10 inch casing, and the said agents and employees told plaintiff that he might hold the casing as security for Whitehead's indebtedness to him, and that plaintiff would be safe in paying the rental, and that they encouraged plaintiff to believe that said casing did belong to Whitehead, and that said casing would stand pledged as security for the indebtedness which plaintiff paid the Keystone Company. These facts were pleaded as an estoppel against the Keystone Company's effort to recover said casing.

It is alleged that the well proved to be a dry hole and was abandoned by Whitehead about September 1, 1926. It is further alleged that Whitehead had failed and refused to pay his indebtedness to plaintiff; that plaintiff had instituted suit in the district court of Wilbarger county to recover against Whitehead; that the latter had evaded process and plaintiff had not been able to have him cited; that prior to the institution of his suit against Whitehead, the 8-inch casing had been pulled and removed from the well, and plaintiff had caused an attachment to be issued and levied thereon; that the 10-inch casing was still in the well on plaintiff's premises, and that after the levy of the attachment upon the 8-inch casing, other parties had filed claimant's oaths and bonds, and in various ways had procured possession thereof and removed the same from plaintiff's premises, and that plaintiff is left with only the 10-inch casing in the well as security for his entire indebtedness except a small amount of other personal property, upon which said writ of attachment was levied and which does not exceed $200 in value; that after the time he filed this suit against Whitehead, other parties, laborers in the drilling of said well, claiming liens on all casing then in the well, including the 10-inch casing aforesaid, had filed laborers' liens in the office of the county clerk of Wilbarger county and had thereafter sued Whitehead and procured service of citation upon him and had foreclosed their liens, or their suits to foreclose were now pending; that the said Keystone Company is now claiming to own the 10-inch casing upon which plaintiff has a pledgee's lien, has filed its mechanic's and laborer's lien suit or suits, its claimant's bond, and has filed with the sheriff of said county an indemnity bond and has placed in the hands of said sheriff writs under which it has instructed the sheriff to pull and remove said 10-inch casing and is threatening to enter upon plaintiff's premises for that purpose, and unless restrained will appropriate said casing to its own use and deprive plaintiff of said casing, as security for his debt; that the said C. W. Whitehead is hopelessly insolvent, and plaintiff has no other means of collecting his debt except through the enforcement of his lien on the 10-inch casing. The total amount claimed by plaintiff is $1,655.15.

The prayer is for temporary order restraining the Keystone Company and the sheriff from in any manner interfering with plaintiff's possession of the 10-inch casing, prohibiting them or either of them from drawing or removing the same from the well on plaintiff's premises, or in any way interfering with plaintiff's possession thereof, and that upon final hearing a permanent injunction be granted, that plaintiff's lien be foreclosed, as against the defendants, and that the cloud cast upon his title to the casing be removed.

On the 14th day of May the trial judge granted a temporary injunction as prayed for. The sheriff filed formal answer on the 16th day of June, 1927. A motion to dissolve the injunction was filed on the 7th day of June, 1927, in which the Keystone Company seems to have incorporated an answer to the plaintiffs' application for injunction. On the 16th day of June the court overruled the Keystone's motion to dissolve the temporary injunction, and from such order this appeal is prosecuted.

The Keystone Company, as appellant, presents the case here upon several propositions, which, under the view we take of the case, it will not be proper for us to discuss.

[2, 3] As shown by the foregoing brief statement, Milner did not intervene in the trial of the right of property case, which had its inception upon the filing by the sheriff of the Keystone Company's affidavit and bond for the trial of the right of property. We are not informed from the record whether this application for an injunction is a part of Milner's suit against Whitehead. So far as the record shows, it is an independent action, brought against the Keystone Company and the sheriff for a permanent injunction and for a foreclosure of his pledgee's lien upon the 10-inch casing in the well. As appears from the foregoing statement, the sheriff was proceeding under an order of sale issued upon a judgment which Coan had recovered against Whitehead, and in order to execute

the writ it became necessary for him to pull the casing from the well before he could deliver it to the Keystone Company, after said company had filed its affidavit and bond with him.

Under the provisions of Revised Statutes, art. 3797, the sheriff had the right to levy upon the casing, subject to Milner's lien, and in doing so neither he nor the plaintiff in execution could be charged as trespassers, because by express provisions of the statute a levy and sale would necessarily be subject to Milner's lien. Briggs v. Briggs (Tex. Civ. App.) 227 S. W. 511; Baldwin Motor Co. v. De Ford (Tex. Civ. App.) 282 S. W. 832.

[4] In attempting to restrain the sheriff from executing the order of sale, it is necessary that Coan, the plaintiff in execution, be made a party defendant. The general rule is that the judgment creditor, as the one who has a real interest in the subject-matter, is a necessary party to a suit brought to enjoin a sale under an execution, based upon such judgment. Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719; Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; Cunningham v. Carpenter (Tex. Civ. App.) 258 S. W. 607.

[5] Unless there are some special circumstances (and the record shows none in this case) which would excuse Milner from making Coan a party defendant, the court had no jurisdiction to grant the injunction in the first instance. The levy and order of sale by the sheriff upon the casing had the effect of putting the casing in custodia legis. The levy was made for the benefit of Coan. The record shows that he has realized only $150 as a result of the sale of other personal property levied upon at the same time. He is therefore directly interested in the disposition which the court will make of the 10-inch casing, levied upon by the execution issued in his favor. Since Coan is a necessary party and he was not made a party defendant, the court was without jurisdiction to grant the injunction.

The judgment is therefore reversed with instructions that, unless the application is amended by making Coan a party, the proceeding must be dismissed.

Reversed and remanded, with instructions.