### CRAMER et al. v. STATE.
#### No. 14520.

Court of Civil Appeals of Texas. Dallas.
May 2, 1952.

Chaney & Davenport and Henry Smith, Dallas, for appellants.

C. H. Messer, Austin, for appellee.

BOND, Chief Justice.

This is an appeal from the granting of a temporary injunction in the District Court of Henderson County, Texas at the instance of the State of Texas et al. against Richard Roy Cramer, Sr. and Richard Roy Cramer, Jr., restraining them from prosecuting a suit instituted by Richard Roy Cramer, Jr. against his father, Richard Roy Cramer, Sr. in a District Court of Dallas County, Texas, other than to dismiss the suit there filed.

The record reveals that on December 14, 1948 in a District Court of Travis County, Texas, the State of Texas obtained a judgment against Richard Roy Cramer, Sr. and in attempting to satisfy that judgment the State caused an execution to issue and on June 30, 1951 the Sheriff of Henderson County levied on certain lands alleged to belong to Cramer, Sr., located in Henderson County. The land levied on was purchased in the year 1939 and deed made to Richard Roy Cramer, without designating either Senior or Junior.

On August 3, 1951 Richard Roy Cramer, Jr., instituted suit, No. 5820, in the District Court of Henderson County against Jess Sweeton, Sheriff of said county, to restrain him from selling the land in question under the writ of execution; contending therein that the land levied upon belonged to him and not to his father, Richard Cramer, Sr.;

and in that action the plaintiff obtained a restraining order against the sheriff from selling the land pending further hearing for temporary and permanent injunction. In said cause and before hearing, the defendant Jess Sweeton, as Sheriff of Henderson County, filed a plea in abatement and requested dismissal of the suit because the plaintiff in execution was a necessary and indispensable party and had not been joined as a co-defendant. On hearing of said cause the trial court overruled the sheriff's plea in abatement, but dissolved the restraining order and denied the temporary injunction. Thus the suit stood on the docket of that court for trial on the merits for permanent injunction and on the sheriff's plea in abatement to make new parties.

While the suit in Henderson County was thus pending, on November 20, 1951, Richard Roy Cramer, Jr. instituted the suit in the District Court of Dallas County against his father, in which he sought reformation of the deed that was executed in 1939, to show that the land was deeded to him instead of to his father. In that suit the State of Texas and the Sheriff of Henderson County were not made party-defendants.

After the above two suits had been instituted, one in Henderson County and the other in Dallas County, by the plaintiff Cramer, Jr., the appellee herein, the State of Texas, on November 29, 1951 instituted suit (cause No. 5890) in Henderson County against appellants Richard Roy Cramer, Jr. and Richard Roy Cramer, Sr., seeking a restraining order and temporary injunction prohibiting them from prosecuting the cause filed in the Dallas County District Court until a final order had been entered in cause No. 5820 in Henderson County. The court on hearing in said cause No. 5890, granted the temporary injunction and entered an order on December 17, 1951 restraining the Cramers from prosecuting the suit in Dallas County Court, from which this appeal is prosecuted.

It will be observed that this appeal arises out of conflict of jurisdiction, involving a litigation pending in the two district courts above mentioned, each having jurisdiction over the same subject mat-

ter; but only one court, the Henderson County Court, had jurisdiction of the State of Texas. In the Henderson County suit, No. 5820, the plaintiff therein, Richard Roy Cramer, Jr., had taken a nonsuit as to his cause of action against the Sheriff, hence there remained for adjudication the defendant Sheriff's plea in abatement, and before any order was made on the Sheriff's plea in abatement, the plaintiff in execution, the State of Texas, instituted suit No. 5890 in Henderson County to restrain the suit in Dallas County.

■ On hearing of the suit No. 5890, all parties interested in the subject matter were duly before the court, appeared in person, as well as by attorneys, thus submitting themselves to the jurisdiction of Henderson County Court. That court was thereby entitled to proceed to judgment on all questions involved and no other court had jurisdiction of all parties. Cleveland v. Ward, Judge, 116 Tex. 1, 285 S.W. 1063.

■ It was within the sound discretion of the trial court under the facts and circumstances appearing in granting or refusing temporary injunctions. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex., 248 S.W.2d 460, and authorities there cited; and the trial court having exercised such discretion, this court cannot substitute its discretion for that of the trial court in respect to the granting of the temporary injunction. Above cited authority.

■ Aside from the trial court's exercising its discretion against appellants in attempting to restrain the sheriff from executing the writ of execution, the plaintiff in execution being a necessary party to the suit and, too, an indispensable party, Keystone, etc., v. Milner, Tex.Civ.App., 297 S.W. 1089, and the Sheriff being only interested in the subject matter as directed by the writ of execution to make a levy thereunder; and the real interested party being the State of Texas, plaintiff in execution, the State was entitled to exercise its right in defending the suit, No. 5820, brought against the levy of the execution by the Sheriff either in the suit pending, or in an independent suit having for its

purpose the defense of its right to the subject matter and that of the sheriff in making the levy. We do not think that the plaintiff's, the State of Texas' right is in anyway abridged because of it having brought its action in the form of a separate suit in defense of such rights. Thus having done so, the judgment of the trial court granting it the temporary injunction should be sustained; hence leaving the case as to all parties to be tried on the merits in the one suit, in which suit all parties interested in the subject matter were parties.

The judgment of the trial court is affirmed.

CRAMER, J., not sitting.