## DANIEL DAILEY V. PINKNEY WYNN.

1. A defendant in a judgment obtained a preliminary injunction of execution on the ground that he was only a surety for a co-defendant, who, at the time the judgment was rendered, had ample property subject to execution, and that the plaintiff by negligence had suffered such principal defendant to become insolvent, etc. These equities being denied under oath by the attorney of the plaintiff in the execution, the petitioner for injunction amended, alleging that he had just learned that the plaintiff in execution was dead at the time the execution was issued in his name. This allegation was neither denied nor expressly admitted by the other side, on whose motion, however, the court below dissolved the injunction, and also, on refusal of the petitioner to take further steps, dismissed the cause at his costs. *Held,* in view of the uncontroverted allegation that the plaintiff in the execution was dead at the time it was issued, that it was error to dissolve the injunction.

2. The imposition of terms upon the allowance of amendments rests somewhat in the discretion of the district courts. But when, after large bills of costs have been incurred in a case, an entirely new cause of action is brought to the attention of a district court, before it should be heard the party presenting it should be required to pay the costs previously accrued. But after the other party has answered to the merits of such new cause of action, it is too late for him to object that such terms were not imposed.

APPEAL from Cherokee. Tried below before the Hon. Samuel L. Earle.

There is no necessity to detail the facts of this case further than they are stated in the opinion of the court.

The pleadings in behalf of Wynn, the defendant, were filed in his name, but were sworn to by one of his attorneys.

*Stewart & Nunn* and *Robards & Jackson,* for the appellant.—A new cause may be set up and the original ground of injunction abandoned, and if the new ground be good, the injunction will be perpetuated. (Tucker v. Brackett, 28 Texas, 340; Edrington v. Allbrooks, 21 Texas, 188.)

No motion to dissolve could .be heard till an answer under oath should be made by the party in person, or his duly authorized agent or attorney, denying all the material allegations contained in plaintiff's petitions. (Burnley v. Cook, 13 Texas, 593; York v. Gregg, 9 Texas, 93.)

There are but two modes for reviving suit after death of party; neither of which was pursued in this instance. (Paschal's Digest, Art. 13; Holmes v. Chevalier, 14 Texas, 337; Fowler v. Burdett, 20 Texas, 37.)

A void or voidable judgment will be enjoined. (Doss v. Miller, 6 Texas, 139; Edrington v. Allbrooks, 21 Texas, 188; Witt v. Kaufman, 25 Sup. Texas R., 384.)

Any judge can grant the injunction. (Kitchen v. Crawford, 13 Texas, 522.)

It is objected that the injunction was not granted in twelve months. But see Doss v. Miller, 6 Texas, 139, and 9 Texas, 119 and 487, and Edrington v. Allbrooks, 21 Texas, 188.

It is insisted that the affidavit is not sufficient. (See Craig v. Varnell, 18 Texas, 300, and Edrington v. Allbrooks, 21 Texas, 188.) But even if there be defect in the affidavit to the original petition, it is well cured by the affidavit to the subsequent petitions which re-affirm the matters of the original petition.

The above considerations must, we submit, suffice to reverse this case.

It might be very serviceable for this court to go farther and indicate the law governing the other features of the case; but whether it will do so or not is a question for its own determination.

We may with propriety insist that. the matters alleged in the last amended petition against the new defendants, Bonner & Bonner, constitute a good and substantial cause of action against them; and that " good faith " on their part is no defense to it, although the measure of damages might be affected by such a consideration.

In States where the distinctions between law and equity are maintained, it would, of course, be impossible to join Bonner & Bonner as defendants in the manner done in this case. But the policy of our system is in the opposite direction; it is to prevent a multiplicity of suits. The liability of Bonner & Bonner grows directly and immediately out of the same identical facts which entitle Dailey to equitable relief against the other parties. In this State "it is perfectly immaterial whether the rights of parties be legal or equitable," as is forcibly said by Chief Justice Hemphill in 12 Texas, p. 84. Of course it must be equally immaterial whether the liabilities of parties be legal or equitable. " Whether they be one or the other, they can be asserted in any cause in which they arise, or in which they can arise under the rules and principles either of law or equity." (Same vol. and page.)

It follows that it was perfectly competent for the petitioner to set up by his last amendment the additional facts which he had just learned, and to claim all the relief they entitled him to, against all persons responsible either at law or in equity; and the only duty incumbent on him was to bring all such persons properly before the court by proper process, which was done in this case, so far as the Messrs. Bonner are concerned.

*Bonner & Bonner*, for the appellee.—The third and fifth grounds to dissolve are substantially the same, viz : that there is no sufficient equity shown in the bill.

Appellant Dailey does not deny but what he signed the note on which the judgment was rendered, but seeks to evade its payment on the ground only that Wynn did not use sufficient diligence to collect from Duren.

In addition to the general, universal, equitable doctrine that sufficient equity must be shown to entitle a party to an injunction, our Legislature by express statute requires it. (See Paschal's Digest, Art. 3930.)

This leads us to the consideration of the principal question upon which relief was sought: whether Dailey, admitting all that he says as to the question of suretyship, shows himself equitably entitled to any relief.

In one of the earlier cases by our Supreme Court, the right to set up this defense of suretyship, when the party did not sign as surety on the face of the instrument, was denied. (See 4 Texas R., p. 325, Ritter v. Hamilton.) And though this doctrine was to some extent qualified in the subsequent case in 8 Texas R., 66, Burke v. Cruger, yet it was expressly held that this could only be allowed to admit a defense which must be a good defense in equity.

The alleged defense in this suit was that Dailey was surety only for Duren, and that at the date of the original judgment Duren was solvent, and the judgment operated as a lien on his real estate, etc., and that by a failure on the part of Wynn to use due diligence, this lien was lost, etc. This is neither in law nor equity a good defense. (See vol. 2, part 2, leading cases in equity, Hare & Wallace's notes, case of Rees v. Berrington, and particularly on page 373.)

Where it is held, and many authorities cited to the effect, that it will not prejudice the rights of the creditor that he not only omit to bring suit, but omit to prosecute one brought; that he failed to issue execution on judgment binding real estate of the principal, or to take proper measures to revive it, by which the lien is lost; or that the lien is lost by failure to enroll it, or (as decided in a great many cases) that he withdrew the execution after it had been placed into the hands of the sheriff, when it appears that goods which were bound by the lien of the execution, and would probably have been made available for the discharge of the debt, had been afterwards removed by the debtor, or sold by other creditors, etc. (See on p. 373, above cited authority; also 8 Tex. R., 66, Burke v. Cruger; 28 Tex. R., 159, Hunter v. Clark; 26 Tex. R., 381, Rees v. Pratt; Paschal's Dig., p. 802, title, principal and surety.)

Four—But even had appellant, Dailey, any legal or equitable cause of relief on the alleged ground of suretyship, the statute above referred to prescribes the mode of procedure, and the appellant cannot be heard to question that he had no notice of the pendency of the original suit, and allege this as a reason why he failed to avail himself of its provisions.

It is a maxim of the law that at some time there must be an end to litigation, and the presumptions are so strong in favor of the absolute verity of the records of courts of general jurisdiction, that it is a general rule of law that they cannot be inquired into or impeached, except in the regular modes of examination which are provided for the investigation of real or implied error in judicial proceedings. (See vol. 2, American Leading Cases, Mills v. Duryee; and on the question of notice to the defendant—one of the very questions raised here—see 30 Tex. R., 744, Windisch v. Gussett, for a case directly in point.) And the Supreme Court in 27 Texas Report, page 250, Lawler v. White, held that the weight of authority establishes the proposition that even when the record is silent on the subject of notice, the judgment of a court of this State, of general jurisdiction, will support itself, and cannot be impeached or called in question collaterally, because of any alleged want of jurisdiction over the parties.

This suit of Lawler v. White, it will be observed, was between the parties and their privies, to the original suit in Gonzales county, and was brought for the express purpose of having the original decree " reviewed and vacated," and settles against the appellant Dailey, beyond all controversy, that question, and which was raised in the amended motion to dissolve the injunction. This case has been affirmed by the present Supreme Court in a recent case from Grimes county—Mitchell v. Manley.

It will also be observed, that in the original judgment, here sought to be vacated, it appears affirmatively by the record that Dailey appeared in open court and withdrew his answer, and agreed

to judgment, etc. As to effect of such a recital, see 20 Tex. Reps., 287, Hutchinson v. Owen. Again, it seems beyond question that the injunction should have been dissolved for the fourth ground of the motion to dissolve; that it was not sued out within twelve months from the date of the rendition of the judgment. (See Pas. Dig., Art. 3931.) There are but two exceptions to this rule embraced within the statute, and appellant does not pretend to come within either ; and hence, unless we legislate instead of adjudicate, the statute must govern by the well known rules of construction, that statutes governing extraordinary remedies must be strictly construed ; that exceptions strengthen the general rule, and that the expression of one thing is the exclusion of another. The alleged grounds of injunction, if they existed at all, existed at the date of the judgment, and hence the rule in 9 Tex. Reps., 121, Beardsley v. Hall, does not apply. And admitting for the sake of argument that appellee Wynn had been dead at the date of the execution enjoined, the appellant certainly cannot be permitted, long after the filing of his original and first supplemental petitions, and long after the execution was *functus officio*, to tack this on to the original grounds for injunction, and certainly not without first paying all costs which had been incurred to that time.

WALKER, J.—Several interesting questions arise upon the record of this case, which are however not material to its decision ; and although invited by counsel so to do, we shall not adopt the practice in this case of noticing immaterial matters.

The appellant, Daniel Dailey, obtained the allowance of an injunction by one of the district judges to restrain the collection of a judgment, which he says was obtained against one Jesse Duren, himself, and others, in the District Court of Cherokee county, at the September term for the year 1860.

Among other allegations made in the original petition, it is averred that Dailey was security for Duren upon a note of hand

for some four hundred and fifty dollars; that at the rendition of
the judgment Duren, the principal, was solvent, having lands and
other property situated in the county of Cherokee, and that by
the negligence of the appellee Wynn, the plaintiff in execution,
in not proceeding to collect his judgment from Duren until after
he became insolvent and died, he has been prejudiced and is entitled
to equitable relief against the judgment.

It does not appear from the original petition that Dailey signed
the note as security, or that he ever served upon Wynn any notice,
either written or verbal, demanding that he should proceed against
Duren; nor is there such equity shown by the original petition
(which was not filed until some nine years after the rendition of
judgment) as in the opinion of this court entitled Dailey to the
allowance of an injunction.

Objection was made to the sufficiency of the verification of the
original petition, which was somewhat uncertain and was unsup-
ported by affidavits. We think the court might have required
with great propriety additional proof of the allegations contained
in the petition, or at least a more certain affidavit.

A supplemental petition was, however, filed, which contained
all the material allegations of the original, and was verified by a
more certain affidavit.

Answers and exceptions were filed to the original and to the
first supplemental petition. In the first supplemental petition
damages are claimed for the wrongful suing out of execution, and
the sale under it of certain lands of the appellant at great sacri-
fice, and in compensation for attorney's fees, costs, etc.

A second supplemental petition was filed, by leave of the court
and without terms, in which the appellant, in addition to his former
allegations, avers that Pinkney Wynn, the plaintiff in execution,
died about the year 1863, and was not in being at the time of the
issuance of the execution which he seeks to enjoin.

To this supplemental petition he makes Bonner & Bonner par-

ties defendant, and claims a large amount of damages from them for the wrongful suing out of execution against him, and the consequent sacrifice of his property at sheriff's and constable's sales.

On the eighteenth of August, A. D. 1869, and again on the tenth of March, A. D. 1870, motions were filed in the name of Pinkney Wynn to dissolve the injunction. Also, exceptions and answers were filed by Bonner & Bonner.

On the eleventh of February, and again on the twenty-fourth of February, A. D. 1870, Bonner & Bonner filed a protest against being made parties to the suit, together with exceptions and answers.

They deny all the equities claimed in the petition and supplemental petitions.

They neither admit nor deny in terms the death of Wynn, but aver that if he were dead at the time of the suing out of the execution, they were ignorant of the fact, and were acting in good faith, having been formerly retained as his counsel. On the hearing of the cause, on the original and amended motions to dissolve, the court sustained the motions dissolving the injunction, upon which (the appellant refusing to ask for a continuance of the cause) a judgment for costs was entered against him, from which he appeals to this court.

We think that after it had been brought to the knowledge of the court, through the allegations of the second supplemental petition, that Wynn was dead prior to the issuing of execution in his name, the court erred in dissolving the injunction.

Whether this second supplemental petition should have been filed without terms was matter somewhat in the discretion of the district court, and we will not undertake to review that discretion farther than to remark that we believe the better practice would be that where an entirely new cause of action is brought to the notice of the court, after large bills of costs have been incurred, it would be better that the party seeking to be heard on such new

cause of action should be required first to pay the costs. previously incurred; but it is too late to insist upon the enforcement of this rule, when the party who would make it available has answered over to the merits.

We do not feel called upon to decide whether the appellant's demand for damages against Bonner & Bonner and M. H. Bonner, can be properly prosecuted in this proceeding, as it is not material to our reversal of the judgment of the district court, which judgment, for the reasons given, is reversed and the cause remanded.

Reversed and remanded.