ALLEN v. CARPENTER et al.    (No. 8403.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 8, 1916.)

1. EXECUTION ⟨⟩172 — RESTRAINING SALE ON EXECUTION—NECESSARY PARTIES.

In a suit to restrain a constable from selling property under execution to satisfy a judgment, the judgment creditor was a necessary party defendant, as the constable was but a ministerial officer acting for the owner of the judgment, who was the only party interested in its collection.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ⟨⟩172.]

2. INJUNCTION ⟨⟩7 — RESTRAINING EXECUTION SALE—RIGHT TO MAINTAIN.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizing the issuance of an injunction where it shall appear that the party applying for the writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant, a party whose property is levied on under execution against another party is entitled to sue for an injunction to restrain the sale thereof, and is not limited to her statutory remedy of trial of rights of property.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 6, 34; Dec. Dig. ⟨⟩7.]

Appeal from Wichita County Court; T. R. Boone, Special Judge.

Suit by Mrs. Irma Carpenter and husband against W. W. Allen and others. From an order overruling a motion to dissolve a writ of injunction, defendant named appeals. Writ dissolved, judgment reversed, and cause remanded, with instructions.

Bonner & Bonner, of Wichita Falls, for appellant. W. F. Weeks, of Wichita Falls, for appellees.

DUNKLIN, J. At the instance of Mrs. Irma Carpenter, joined by her husband, M. H. Carpenter, a temporary writ of injunction was issued restraining W. W. Allen, constable of precinct No. 1, Wichita county, from selling a motorboat alleged to be the separate property of Mrs. Carpenter, upon which the constable had levied an execution to satisfy a judgment in favor of the Ferris-Dunlap Auto Supply Company against M. H. Carpenter. From an order overruling a motion to dissolve the writ, Allen has appealed. In the petition for the injunction the only party made defendant was W. W. Allen, who, it was alleged, acted as constable in making the levy to collect the judgment.

[1] One of the grounds urged for dissolution of the injunction was a lack of a necessary party defendant, namely, the Ferris-Dunlap Auto Supply Company, owner of the judgment by virtue of which the levy had been made, and having its principal office and place of business in Dallas county, Tex. In overruling that exception there was error, for which the order overruling the motion to dissolve the injunction must be reversed. Allen was but a ministerial officer acting for the owner of the judgment, who was the only party interested in its collection, and hence a necessary party to the suit. McCanless v. Gray, 153 S. W. 174; Acme Cement Plaster Co. v. Keys, 167 S. W. 186; 22 Cyc. 915.

[2] We overrule the further contention presented by appellant that an injunction would not lie in view of the fact that Mrs. Carpenter could have resorted to the statutory remedy of trial of rights of property to protect her alleged title to the boat levied on.

By article 4643, 3 Vernon's Sayles' Tex. Civ. Stat., it is provided that an injunction may issue "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any art thereof requires the restraint of some act prejudicial to the applicant." This is an enlargement of the old equity rule according to which no injunction would issue if the party complaining had an adequate remedy at law; and under the allegations of her petition Mrs. Carpenter was entitled

to invoke the benefits of that statute. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994.

For the reasons indicated, the judgment is reversed, the temporary writ of injunction dissolved, and the cause remanded, with instructions that the suit be dismissed unless the owner of the judgment upon which the execution was issued is made a party defendant, and the injunction made to apply to such owner as well as to the constable.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

