## HAWKINS v. GRAHAM.

### No. 9726.

Court of Civil Appeals of Texas. San Antonio.

March 27, 1935.

Rehearing Denied May 1, 1935.

McCloskey & Wasaff, of San Antonio, for appellant.

J. F. Carl, of Edinburg, for appellee.

SMITH, Justice.

An execution and order of sale duly issued out of a district court of Webb county was properly delivered to a constable in Hidalgo county, directing him to seize and sell as under execution an oil well drilling outfit located in the latter county, as the property of the judgment creditor, J. V. Hawkins.

The constable levied upon the property and advertised the same for sale as provided by law, but before the day of sale E. A. Graham filed this suit to enjoin the threatened sale, upon the ground that he was the owner of the seized property. Graham also prayed for title and possession of the property, alleged to be of the value of $1,000, and for $2,000 by way of rentals thereon, or, in the alternative, if the property could not be found, for damages in the sum of $3,000. The trial court granted the temporary injunction, and Hawkins has appealed from that order.

Appellant predicates his appeal upon the ground that appellee was not entitled to injunctive relief because he had not negatived the availability of the trial of right of property as an adequate remedy at law. In this connection, appellee alleged only, in effect, that the seized property belonged to him, and that Hawkins and his associates were insolvent and therefore could not respond to his claim for damages.

Under the statutory remedy of trial of right of property it is provided that: "Whenever a writ of execution * * * is levied upon personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make affidavit that such claim is made in good faith, and present such affidavit to the officer who made such levy." Article 7402, R. S. 1925.

It is further provided (article 7403 et seq.) that upon presentation, to the levying officers, of such affidavit, accompanied by the bond therein provided for, the property shall be delivered to the claimant and considered in custodia legis, and remain in his possession until the question of his title is adjudicated.

It is perfectly obvious that by this remedy appellee would have been afforded every protection sought by him in this equitable proceeding, and, as appellee alleged no facts which would excuse him from pursuing that remedy, he was not entitled to the extraordinary writ prayed for and granted to him. West Texas Utilities Co. v. Farmers' State Bank (Tex. Civ. App.) 68 S.W.(2d) 648.

The only ground upon which appellee sought to justify the resort to this equitable remedy was the allegation that appellant was insolvent and could not respond in damages. That being true, appellee could procure nothing in this action but a recovery of the property, which, being already in the hands of the officer, was at once available to him in the statutory proceeding for the trial of the right of property.

The judgment is reversed, and the injunction dissolved.