BRAZOS RIVER CONSERVATION AND RECLAMATION DISTRICT
v. C. E. ALLEN ET AL.

No. 8068. Decided May 26, 1943.
(171 S. W., 2d Series, 847.)

*Samuels, Foster, Brown & McGee,* of Fort Worth, and *T. T. Bouldin,* of Mineral Wells, for petitioner.

*J. R. Creighton* and *Ritchie & Ritchie,* all of Mineral Wells, for respondents.

MR. JUDGE SMEDLEY of the Commission of Appeals delivered the opinion for the Court.

This case arises from a proceeding instituted by Brazos River Conservation and Reclamation District for the condemnation of land owned by respondents Allen and Ritchie in Palo Pinto County, and particularly from Cause No. 2526 pending in the County Court of Palo Pinto County, being the first suit for condemnation filed by the District and discussed in the opinion in Cause No. 8069 this day decided by this court. This is a suit for injunction filed by the District in the District Court of Palo Pinto County to restrain the land owners, Allen and Ritchie, from demanding or receiving, and the clerk of the County Court and the County Depository from paying to Allen and Ritchie the $21,580.00 deposited by the District in the County Court, under the provisions of Article 3268 of the Revised Civil Statutes of 1925, in order that it might take possession of the property sought to be condemned.

The trial court granted the temporary injunction sought by the District, but thereafter dissolved it on motion filed by re-

spondents. On appeal the Court of Civil Appeals affirmed the order dissolving the temporary injunction. 166 S. W. (2d) 388.

This cause and Cause No. 8069 were submitted together in this Court and in the course of oral argument counsel for respondents stated that, in the event of the affirmance by this court in Cause 8069 of the judgment of the Court of Civil Appeals, they were willing that the $21,580.00 remain on deposit until final judgment in Cause No. 2526 in the County Court. Counsel for the District also agreed in open court that the deposit remain in the custody of the clerk of the County Court and the County Depository.

In view of the foregoing agreement made in open court and the judgment rendered in Cause No. 8069, it is unnecessary to determine the questions presented by the application for writ of error. We express no opinion as to the rulings made herein by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals and the order of the District Court dissolving the temporary injunction are set aside, and the order of the District Court made on March 3, 1941, granting a temporary injunction is hereby restored and reinstated as if it had not been dissolved, the injunction to remain in effect until final judgment in Cause No. 2526 now pending in the County Court of Palo Pinto County.

Opinion adopted by the Supreme Court May 26, 1943.