## TUDOR v. ORR.

### No. 5627.

Court of Civil Appeals of Texas. Amarillo.
March 20, 1944.

Rehearing Denied April 24, 1944.

Grady West and James O. Cade, both of Lubbock, for appellant.

E. L. Klett, of Lubbock, for appellee.

STOKES, Justice.

This is an action of trespass to try title, instituted by the appellee, G. H. Orr, against the appellant, A. L. Tudor, on June 12, 1943, in which appellee sought to recover the title and possession of Lot No. 2 in Block 64 of the Town of Slaton in Lubbock County. W. R. Ivey was the owner of the lot on May 20, 1922, and on that day he conveyed it to E. N. Twaddle and A. E. Howerton. In cause No. 5196 of the District Court of Lubbock County, on September 10, 1932, the Thurber Brick Company recovered a judgment against Mrs. Hen-

rietta Twaddle and Edna Twaddle, the only surviving heirs of E. N. Twaddle, then deceased, upon a paving assessment and foreclosing a paving lien upon the half interest of E. N. Twaddle. Upon a sale under an order of sale issued upon the judgment, appellee, G. H. Orr, became the purchaser and a deed was executed by the sheriff conveying such interest to him. On April 22, 1939, A. E. Howerton, by deed duly executed, conveyed his half interest in the lot to Texas-Pacific Coal & Oil Company and on March 19, 1941, the Texas-Pacific Coal & Oil Company, by deed duly executed, conveyed the Howerton interest to the appellee, G. H. Orr.

By the introduction of the deeds, judgment, order of sale, the sheriff's return and the deed executed by him pursuant thereto, the appellee showed title in himself to the lot sued for and the court rendered judgment in his favor, to which appellant duly excepted and from which he has appealed to this court. He insists that the trial court erred in rendering judgment against him because, by proper pleadings and the evidence, he showed that the appellee had been divested of the title and it had been acquired by him under a deed from the City of Slaton, who purchased it at a judicial sale conducted by the constable under authority of a judgment and order of sale foreclosing a tax lien in a suit theretofore instituted by the City of Slaton in which the appellee, G. H. Orr, was a party defendant.

 The record shows that the City of Slaton instituted a suit for taxes against A. E. Howerton et al. and procured a judgment against A. E. Howerton et al. on January 13, 1940, in which the tax lien was foreclosed against A. E. Howerton et al. The order of sale, the return of the constable, and the constable's deed all designate the defendants as A. E. Howerton et al., and the record before us does not show that the appellee, G. H. Orr, was a party to the suit. No question is raised concerning it, however, and, inasmuch as both parties treat the case as though Orr was a party defendant, we shall assume that he was. The City of Slaton procured no title under the foreclosure and sale of the property, and appellant procured no title under his deed from the city, because the order of sale expired before the sale was made. According to the undisputed evidence in the case, the order of sale

was issued on February 5, 1940, and the sale was not made until the sixth day of June, 1940, which was more than ninety days after the order of sale was issued. The date for the constable's return was left blank in the order of sale, showing that neither the plaintiff City nor its agent or attorney directed its return within thirty, sixty, or ninety days, as provided by Article 3784, R.C.S.1925, by which the officer was governed, since the order of sale, advertisement, and purported sale were all issued and executed prior to the adoption of the Texas Rules of Civil Procedure by the Supreme Court. The statute provided that, if not so directed by the plaintiff, its agent or attorney, the order of sale should be returnable to the first day of the next term of the court. The next term of the court after the order of sale was issued convened April 1, 1940. Thus it appears conclusively that the sale was made after the order of sale had expired and at a time when the constable had no authority to make it. It is well settled by many decisions of our courts that such a sale is void and neither the sale, nor a deed executed pursuant to it, conveys any title. Irvin v. Ferguson, 83 Tex. 491, 18 S.W. 820; Goode v. Davis, Tex.Civ.App., 135 S.W.2d 285; Tate v. Johnson, Tex.Civ. App., 140 S.W.2d 288.

 The constable's sale being void, the title of the appellee was not divested by it and, since the City had no title, it could convey none to the appellant by its deed. There is no claim that appellant was an innocent purchaser, nor could there be, because he was not only charged with the recitals of the instruments composing his chain of title, but the deed executed by the City, conveying the lot to him, recited the order of sale, the return, and the constable's deed and gave the dates of each of them.

 Appellant contends that the defects mentioned were mere irregularities, technical in their nature, and did not destroy the effect of the constable's conveyance to the City and he cites us to the cases of Cockrell v. Steffens, Tex.Civ.App., 284 S. W. 608; Harris v. Mayfield, Tex.Com. App., 260 S.W. 835, and other cases of like import. Those cases hold that a valid judgment in a tax suit is not subject to collateral attack and that a return of the order of sale following a sale by the sheriff or constable is not necessary to the validity

of the sale. That, however, is not the question before us. The sale attempted by the constable, and under which appellant claims, was void, and it is well settled that such a sale is subject to either collateral or direct attack. Kellogg v. Southwestern Lumber Co. of New Jersey, Tex.Civ.App., 44 S.W.2d 742.

We have carefully considered all of the assignments of error and contentions presented by appellant and, in our opinion, no reversible error is revealed. The judgment of the court below will, therefore, be affirmed.