## LEONARD v. VEAZEY et al.
### No. 4806.

Court of Civil Appeals of Texas. El Paso.
June 13, 1951.

Rehearing Denied Aug. 13, 1951.

Emmett B. Cocke, San Antonio, for appellant.

L. Sanborn McDowell, John J. Cox and Seeligson, Cox, Patterson & Grant, all of San Antonio, for appellees.

SUTTON, Justice.

This appeal is from the 57th District Court of Bexar County. Veazey and his wife sued Leonard in trespass to try title to recover certain described lots in the City of San Antonio. The defendant answered with a general denial and plea of not guilty, and a special answer and cross-action. The trial was to the court without the intervention of a jury and judgment resulted in favor of the plaintiffs for the title and possession of the property. The defendant has appealed.

Defendant in his special answer and cross-action set up that the plaintiff, Mrs. Veazey had acquired the title to the property sued for from one J. T. Morgan, an uncle, and without consideration; that J. T. Morgan had acquired the title from one W. M. Morgan, a brother, which conveyance was in fraud of his creditors. It is further alleged that W. M. Morgan was indebted to Joske Bros., a corporation, at the time of the transfer, and that subsequent thereto and in the year 1932, Joske obtained a judgment in a justice court of Bexar County against W. M. Morgan; that an execution was issued thereon and the property sold at a public sale under such execution and defendant purchased the same; that the deed executed and delivered to him was lost before the same was placed of record and he thereafter procured a duplicate thereof from a carbon copy of the original executed by the officer executing the same. It was under this deed the defendant claimed title.

On the trial of the case it developed the original execution was returned nulla bona; that an alias issued September 12, 1941, which was returned June 15, 1943, showing a sale to the defendant. It also developed on the trial W. M. Morgan died either in the year 1934 or 1935.

The trial court filed findings and conclusions, and among other things concluded the alias execution of September 12, 1941, and the purported levy thereof on the interest of W. M. Morgan, after his death, was void and could not be instrumental in passing title, as a purported levy on the interest of a dead man, and the constable's deed passed no interest in the property in controversy.

The defendant challenges this conclusion, but we regard the same as sound, and that defendant acquired no title to the property by virtue of the deed executed and delivered to him under the execution, levy

and sale. Rule 625, Texas R.C.P. provides if a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration. It is held, under the Rule supra, and Art. 3778, Vernon's Ann.Civ.St., from which the Rule is copied, a sale under an execution issued after the death of the judgment debtor is wholly ineffective to pass title and may be attacked directly or collaterally, First National Bank of Bowie v. Cone, Tex.Civ.App., 170 S.W.2d 782, (e. r.); Grissom v. F. W. Heitmann Co., Tex.Civ.App., 130 S.W.2d 1054, (e. r.) and the cases cited in those opinions.

It would serve no purpose to discuss the other matters presented in argument in defendant's brief, since the Rule and the authorities cited above effectively dispose of his only claim to title.

The judgment of the trial court is affirmed.