**Adrienne NEEL, Independent Executrix, Petitioner,**

v.

**John G. SEAMAN, Respondent.**

No. B–2558.

Supreme Court of Texas.

April 7, 1971.

Rehearing Denied May 19, 1971.

Allison, Maddin, White & Brin, D. Yancey White, Corpus Christi, for petitioner.

Davis & Hale, Allen V. Davis, Corpus Christi, for respondent.

PER CURIAM.

Petitioner, Adrienne Neel, as independent executrix of the estate of C. B. Neel, deceased, sued respondent, John G. Seaman, with whom the deceased was associated in the practice of law, to recover a portion of legal fees for services rendered in connection with administration of the estate of Dr. J. H. Harvey, deceased. Corpus Christi Bank and Trust, the independent executor of the estate of Dr. J. H. Harvey, deceased, was not made a party to the suit and respondent did not seek to abate the suit because of its nonjoinder as a party. The trial court rendered judgment for the petitioner in the sum of $21,900. On appeal, the Court of Civil Appeals by a divided court, reversed the judgment of the trial court and remanded the cause for further proceedings. That court held that Corpus Christi Bank and Trust was an indispensable party under Rule 39, Tex.Rules Civ.Proc.[1] 461 S.W.2d 659.

The holding of the Court of Civil Appeals on the issue stated is in conflict with the decision of this court in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966). The Bank as independent executor does not have a "joint interest" in the settlement of the controversy between petitioner and respondent, and a judgment in this case would not be res judicata of a subsequent suit against the Bank for the recovery of legal fees incurred in connection with the administration of the estate of J. H. Harvey, deceased. By authority of Rule 483, Tex.Rules Civ.Proc., the judgment of the Court of Civil Appeals is reversed on the application for writ of error, and the cause is remanded to that court for consideration of respondent's other points

---

1. Rule 39 was amended by order of July 21, 1970, effective January 1, 1971.

of error as appellant there, some of which are not within the jurisdiction of this court.

The application of Rule 39 as amended is not involved and we express no opinion thereon.